J-S80029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
KIRK N. DUNSON,   :
  :
           Appellant   :   No. 3560 EDA 2017

Appeal from the PCRA Order October 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0812071-2004

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:            **FILED JANUARY 24, 2019**

Kirk N. Dunson appeals *pro se* from the order that dismissed his petition

filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Appellant was convicted of various crimes in 2006 and sentenced to

twenty-five to fifty years of imprisonment.  Following a *nunc pro tunc* direct

appeal, Appellant's judgment of sentence became final in early 2011, after

this Court affirmed and our Supreme Court denied his petition for allowance

_____

[1] Appellant purported to appeal from the September 22, 2017 notice of intent
to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.
However, pursuant to Pa.R.A.P. 905, we treat his appeal as having been filed
from the subsequent order dismissing the petition, and have amended the
caption accordingly.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after
the announcement of a determination but before the entry of an appealable
order shall be treated as filed after such entry and on the day thereof.");
***Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa.Super. 2012)
(applying Pa.R.A.P. 905(a)(5) to appeal from 907 notice when petition was
dismissed subsequent to the notice of appeal).

of appeal. ***Commonwealth v. Dunson***, 11 A.3d 1023 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 13 A.3d 475 (Pa. 2010). Appellant's first, timely PCRA petition following the *nunc pro tunc* direct appeal, which involved challenges to his sentence and counsel's failure to raise them, was dismissed as meritless, and this Court affirmed. ***Commonwealth v. Dunson***, 120 A.3d 380 (Pa.Super. 2015),

The petition that is the subject of the instant appeal was filed on March 28, 2017. The Commonwealth moved to dismiss it as untimely, the PCRA court issued notice of its intent to do so, and the petition was dismissed by order of October 27, 2017. The PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed a timely statement. To this Court, Appellant presents vague questions concerning the legality and discretionary aspects of his sentence. Appellant's brief at 6.[2]

We begin with the legal principles relevant to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an

---

[2] Appellant's brief has a main body with inaccurate pagination, and an attachment entitled "Memorandum of Law in Support of Facts of P.C.R.A. Petition." We utilize "Appellant's brief" to indicate citations to the former, and "Appellant's memorandum of law" to cite to the latter.

appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa.Super. 2012).

As noted, the PCRA court dismissed Appellant's petition as untimely. "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (cleaned up)

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b). Specifically, to establish a timeliness exception, the petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Although the PCRA court dismissed Appellant's petition, which was filed six years after his judgment of sentence became final, as untimely, and Appellant bears the burden of convincing us that that determination was incorrect, he presents this Court with substantive questions that do not bear on the timeliness of his petition. Indeed, he preserved no claim of PCRA court error regarding the timeliness of his petition when he filed a Rule 1925(b) statement that provided as follows, *verbatim*: "1. Ineffective Assistance of Counsel – Failing to file motion to correct sentence, etc.; 2. Tribunal w/o Jurisdiction; 3. Fraud upon the Court; 4. Miscarriage of Justice." Concise Statement, 11/30/17, at unnumbered 1.[3] ***See***, ***e.g.***, ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived." (internal quotation marks omitted)). ***See also Commonwealth v. Wholaver***, 177 A.3d 136, 152 (Pa. 2018) ("Because Appellant does not assign any error to the manner in which the PCRA court actually disposed of his claims, he has failed to meet his burden of proving that the PCRA court erred.").

---

[3] We note that a new statement of errors complained of on appeal makes up the initial pages of Appellant's brief. As that statement was filed in this Court long after the due-date set by the trial court's order, it does not comply with Rule 1925(b) and, therefore, does not serve to preserve any issues for this appeal.

- 4 -

In the body of his brief, Appellant argues that his sentence is illegal, and that "an illegal sentence is exempt from the time bar rule." Appellant's memorandum of law at 8. Appellant appears to confuse timeliness with waiver. As we have explained, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013).

To the extent that Appellant contends that his allegedly-illegal sentence must be corrected because he otherwise suffers a miscarriage of justice, see Memorandum of Law at 9, we note that, "there is no 'miscarriage of justice' standard exception to the time requirements of the PCRA." *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super. 2007) ("Turning to Burton's argument that his conviction is a 'miscarriage of justice,' we need not reach the merits of his contentions because the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met.").

Thus, Appellant has failed to convince us that the PCRA court erred in dismissing his petition as untimely, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/19